# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MADY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:13-CV-1701 CAS |
| ST. ANTHONY'S MEDICAL CENTER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Stipulation of Partial Dismissal with Prejudice as to Counts II and III of Plaintiff's Complaint, and Consent Motion to Remand. The four-count Petition was originally filed in state court and asserts claims for disability discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. (2000) (Count I), the Americans with Disabilities Act, 42 U.S.C. §§ 12010, et seq. (Count II), and Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 794 (Count III); and a state common law claim for negligent infliction of emotional distress (Count IV).

The case was removed by defendant on the basis of federal question jurisdiction, 28 U.S.C. § 1331, with supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). On February 24, 2014, plaintiff filed a motion for leave to amend his complaint and to remand. Subsequently, the parties filed a Joint Stipulation of Partial Dismissal with Prejudice as to Counts II and III of Plaintiff's Complaint. The Court will grant the motion, which will leave only state law claims in this case. The parties have also filed a Consent Motion to Remand.

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) While federal courts often address state and federal discrimination claims together, state claims that require a separate analysis "[i]n most cases, . . . are dismissed without prejudice to avoid needless decisions of state law." Wierman v. Casey's General Stores, 638 F.3d 984 (8th Cir. 2011). Further, where federal claims have been dismissed, supplemental state law claims that raise novel or complex issues of state law may be remanded or dismissed without prejudice. 28 U.S.C. § 1367(c)(1). This Court has observed that dismissal of MHRA claims is often appropriate where federal claims have been dismissed, as the legal analysis of those claims has diverged from federal employment discrimination law. See Dickey v. Lou Fusz Auto. Network, Inc., 2012 WL 162408, at *6 (E.D. Mo. Jan. 19, 2012).

The principle that the Court should avoid needless decisions of state law, particularly on novel claims, counsels in favor of the discretionary remand of plaintiff's state law claims without prejudice under 28 U.S.C. § 1367(c)(1). Remand would be improper, however, if the Court has jurisdiction based on diversity of citizenship. Wierman, 638 F.3d at 1003. In this case, both defendants are citizens of Missouri.

The Court will therefore decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims and will remand this case to the Circuit Court of St. Louis County, Missouri, from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Stipulation of Partial Dismissal with Prejudice as to Counts II and III of Plaintiff's Complaint is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that the Consent Motion for Remand is **GRANTED**. [Doc. 24]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend his Complaint and Remand is **DENIED** as moot. [Doc. 21]

Appropriate orders of partial dismissal and of remand will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of March, 2014.